*591 This day this cause came on to be heard on the demurrer to the answer of the defendant, and was argued by counsel and submitted to the court, and the court being fully advised in the premises finds said demurrer well taken and sustains the same.
And said defendant not desiring to plead further, it is thereupon ordered and adjudged by the court that the defendant be ousted from the further exercise of the franchise of writing indemnity policies to employers of more than five employes, except as follows:
(a) Every such contract of indemnity of an employer for loss or damage on account of injury to an employe by accidental means or on account of the negligence of such employer, or such employer’s officer, agent or servant, shall contain a specific provision, as a part of its terms, for the payment to such injured employe “of such amounts for medical, nurse and hospital services, and medicines, and such compensation as is provided by this act for injured employes; and in the event of death shall pay such amounts as are herein provided for funeral expenses and for compensation to the dependents of those partly dependent upon such employe.”
This provision of the contract has reference only to cases of injury where the injured employe elects to accept compensation for his injuries directly from his employer according to the standard fixed in Section 22 of the workmen’s compensation act.
*592 (b) The contract of indemnity shall not contain any agreement to indemnify an employer for any civil liability for or on account of the injury to his employe by the wilful act of such employer, or any of such employer’s officers or agents, or the failure of such employer, his officers or agents, to observe any lawful requirements for the. safety of employes.
This provision of the contract has exclusive reference to cases of injury where the injured employe does not elect to receive as compensation for his injury either the judgment or award of the industrial commission sitting as a board of awards, or from his employer direct, but elects to and does exercise the right to enforce his cause of action against his employer in the courts.
(c) No contract of indemnity shall be written in behalf of an employer of five or more employes for loss or damage, nor an agreement to indemnify an employer for any civil liability, on account of an injury of an employe by accidental means, or on account of the negligence of such employer, his officers, agents or servants, whether the negligence be that of the wilful act, or failure to comply with lawful requirements for the safety of employes or negligence of any other kind or character, if such employer is not a contributor to the compensation fund, or has not legally exercised the option of carrying his own insurance under Section 22 of the act.
It is further ordered and adjudged, that the execution of this decree be postponed for one hun *593 dred days from the entrance thereof, to enable respondent to conform to its terms and provisions.
Reporter's Note — In similar proceedings in quo warranto, instituted in the supreme court by Attorney General Turner against the companies hereinafter named, the journal entry appearing above was entered on the date above set forth.
For the sake of brevity, we insert only the case numbers, names of respondents and counsel appearing, but om.it the repetition of all data which is common to each proceeding.
No. 15077. General Accident, Fire & Life Assurance Córp., Ltd., of Perth, Scotland. Mr. A. I. Vorys; Messrs. Gage, Day, Wilkin & Wachner and Messrs. Kornhauser & Morgan, for respondent.
No. 15078. London Guarantee & Accident Co., Ltd., of London, Eng. Mr. Judson Harmon and Mr. A. I. Vorys, for respondent.
No. 15079. The Travelers Insurance Co. of Hartford, Conn. Mr. Judson Harmon and Mr. A. I. Vorys, for respondent.
No. 15080. Royal Indemnity Co of New York, N. Y. Mr. Judson Harmon; Mr. A. I. Vorys and Messrs. Kornhauser & Morgan, for respondent.

Judgment of ouster-.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.
No. 15081. Aetna Life Insurance Co. of Hartford, Conn. Mr. Judson Harmon and Mr. A. I. Vorys, for respondent.
No. 15082. Hartford Accident & Indemnity Co. of Hartford, Conn. Mr. Judson Harmon and Mr. A. I. Vorys, for respondent.
No. 15085. United States Casualty Co. of New York, N. Y. Mr. Judson Harmon and Mr. A. I. Vorys, for respondent.
No. 15086. The Casualty Co. of America, of New York, N. Y. Messrs. Ford, Snyder & Tilden; Mr. Judson Harmon and Mr. A. I. Vorys, for respondent.
No. 15087. Fidelity & Casualty Co. of New York, N. Y. Messrs. Howell, Roberts & Duncan, for respondent.
No. 15091. Globe Indemnity Co. of New York. Mr. Judson Harmon and Mr. A. I. Vorys, for respondent.
No. 15095. Maryland Casualty Co. of Maryland. Mr. A'. I. Vorys and Mr. Wilbur E. Benoy, for respondent.
No. 15076. Union Casualty Co. of Philadelphia, Pa. No appearance of counsel for respondent. (Service of summons had, defendant being in default for answer or demurrer, the court found the allegations of the petition thereby to be confessed to be true, and rendered judgment as stated in the foregoing journal entry.—Reporter.)